# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 1, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DENNIS ADKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0244** (BOR Appeal No. 2050816)
(Claim No. 2013032068)

**GUYAN HEAVY EQUIPMENT, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Dennis Adkins, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Guyan Heavy Equipment, Inc., by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 12, 2016, in which the Board affirmed a September 17, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 26, 2014, decision denying authorization for a left shoulder arthroscopy, capsular release, and manipulation under anesthesia. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Dennis Adkins, a product support representative, injured his shoulder on April 11, 2013, when he tried to push and pull a forklift to a battery charger. Mr. Adkins was examined at Charleston Area Medical Center and diagnosed with left rotator cuff tendinitis, left rotator cuff strain, and degenerative joint disease of the left thumb. An MRI of the left shoulder performed on June 11, 2013, revealed a tear in the distal supraspinatus tendon and moderate degenerative changes in the acromioclavicular joint. On August 6, 2013, the claims administrator held the claim compensable for shoulder sprain/strain and rotator cuff tear. Degenerative joint disease

1

was specifically listed as not compensable. Mr. Adkins underwent surgery on August 31, 2013, to repair the rotator cuff.

On March 18, 2014, Mr. Adkins saw John Pierson, M.D., for a follow-up to his surgery. Work conditioning had not improved Mr. Adkins's symptoms and his range of motion was limited. Dr. Pierson believed that Mr. Adkins was suffering from a frozen shoulder that had developed postoperatively from the first rotator cuff repair. He recommended that Mr. Adkins undergo a left shoulder arthroscopy and capsular release with manipulation. The claims administrator denied the authorization of a left shoulder arthroscopy, capsular release, and manipulation under anesthesia on March 26, 2014.

Mr. Adkins underwent an independent medical evaluation by ChuanFang Jin, M.D., on April 23, 2015. Dr. Jin opined that Mr. Adkins's frozen shoulder was not related to the rotator cuff repair surgery. Dr. Jin stated that the sudden decrease in range of motion did not support a diagnosis of frozen shoulder because this condition does not fluctuate with different ranges of motion; yet, Mr. Adkins's symptoms appeared several months after the surgery. Dr. Jin believed the symptoms were attributable to Mr. Adkins's significant history of pre-existing arthrosis in both shoulders. The pre-existing pathology of advanced degenerative arthrosis was more closely related to his current limited range of motion.

On September 17, 2015, the Office of Judges affirmed the claims administrator's decision denying authorization of the requested procedures. The Office of Judges found that Mr. Adkins had not proven that the requested procedures were medically related and reasonably required treatment for the compensable injury. Dr. Pierson was clear in stating that the left shoulder arthroscopy was for the frozen shoulder, yet frozen shoulder has never been added as a compensable component of the claim. The Office of Judges noted that Dr. Jin opined that the symptoms were related to Mr. Adkins's pre-existing advanced degenerative arthrosis and not the surgery. The Board of Review adopted the reasoning and conclusions of the Office of Judges and affirmed its Order on February 12, 2016.

We agree with the Order of the Office of Judges as affirmed by the Board of Review. Mr. Adkins has been diagnosed with degenerative arthrosis in his left shoulder. The claims administrator specifically found degenerative joint disease to be non-compensable. Dr. Jin opined that the symptoms were more likely due to his pre-existing condition rather than the prior surgery. Because the procedures are meant to correct frozen shoulder, which is related to pre-existing degenerative problems rather than the compensable injury, the Board of Review was not clearly wrong in affirming the denial of these procedures.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

2

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker